Rex, J.
The act in question authorizes the probate judge of any county in this state to cause levees or embankments to be established and constructed on or along .any stream or water-course in his county, on the petition of one or more persons owning or occupying lands adjacent to the line of the proposed levee,or embankment, and to appropriate private property for the purpose of constructing such levee or embankment whenever, in his opinion, the same will be conducive to the health, convenience, or *99 welfare of any number of citizens of the county, or is necessary for the protection of the lands of such citizens, ox any of them, from overflow. The act also directs the manner of giving notice to the owners of lands sought to be appropriated, and of applying for compensation therefor; provides for the appointment of viewers and an engineer, and prescribes their duties; and upon the application of either of the parties in interest, also provides for the impaneling of a jury, who are sworn, faithfully and impar tiálly, and upon actual view of the route of the proposed levee, to report in writing to the court, within five days, unless further time is allowed by the judge:
“First. Whether it will be conducive to the public health, welfare, or convenience, to cause said levee to be located.
>“ Second. Whether it is necessary for the protection of the property of any of the citizens of said county.
“ Third. The amount of compensation due to each person in case the same is located.
“ Fourth. The amount of labor to be performed by each person interested in the construction of the same.”
The mode of proceeding under the act is. as follows: At the time the petition is filed, a day is set for its hearing; and if, at that day, notice has been given to the owners of lands sought to be affected, the judge proceeds to hear and determine the petition, and if satisfied that the levee is necessary for the protection of the lands, or the welfare of the citizens of the county, or any of them, three disinterested z-esident freeholders are appointed to view the premises along the proposed route, and report, within ten days, whether the levee is necessary and ought to be built, and whether or not any person or persons other than the petitioners should assist in defraying the expenses thereof, and the proportion which each ought to pay. If the report is in favor of the construction of the levee, a day is appointed, not later than five days from the filing of the report, for the hearing and determination of applications for compensation, and of arguments for and against the construction *100 of the levee. At this hearing, if a jury is not demanded,, and if the judge is satisfied that the levee ought to be constructed, it is so' ordered, and an engineer is appointed to-locate, level, and measure the same, divide it into sections and prescribe the time within which the work shall be completed. If a jury is demanded at the time appointed for its meeting, the judge proceeds to hear and determine-all questions pertaining to the case preliminary to those required to be reported on by the jury, and upon the coming-in of the report of the jury,makes a record of the proceedings and orders the payment of the compensation, and the location, construction, and completion of the levee in accordance with the report of the jury. The act also directs how the costs shall be taxed and paid, and specially provides that “ no order, shall be made for the construction of such levee, or any part thereof, until the full amount ©f compensation for the land appropriated shall have been paid.” It is claimed by the defendants that thi3 act is in contravention of section 19 of the bill of rights in this:
1. That it authorizes the taking of private property for-private use without the consent of the owner.
2. That the jury provided in the act, to assess compensation for the property taken, is not a jury within the-meaning of that section.
Section 19 of article 1 of the constitution of this states reads as follows:
“ Sec. 19. Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war, or other public exigency, imperatively requiring its-immediate seizure, or for the purpose of making or repairing roads, which shall be open to the public without, charge, a compensation shall be made to the owner iu money, and in all other cases, where private property shall, be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money ; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
The first clause of this section clearly prohibits the taking *101 of. private property for private use, without the consent of the owner, and the second, quite as clearly prohibits the taking of private property for public use, unlfess provision is made in the act authorizing it to be so taken, for the assessment, by a jury, to the owner, of a compensation, in money therefor, irrespective of any benefits to any property of the owner from the public use of the property so taken ; and hence if it shall be found, that either of the claims urged by the defendants against the constitutionality of the :act is tenable, the entire act must be declared to be void.
The first question to be considered is, does the act authorize the entry upon lands and the location and construction of levees when demanded by private interest merely, without reference to the public welfare? The question, it seems to us, is fully and conclusively answered in the affirmative, by giving to the language used in the act its natural and obvious import. The public welfare is not within the purview of the act, either in express terms or by implicatio i. The action of the probate judge is not limited by the act to cases only in which the location and construction of levees are demanded by the public welfare, “ but under it, and without infringing any of its provisions, a levee might be located and constructed upon the lands of individual owners, for purposes of private interest merely.” It is claimed, however, by the plaintiffs, that under the act, neither the location nor construction of a levee can be ordered by a probate judge, unless it be first found by him that the same is demanded by the public welfare, and in support of the claim, that portion of the act which enumerates the subjects to be embraced in the report of th'e jury is cited. We have looked in vain through the act, to discover the effect that a finding either way, upon the first two subjects required to be embraced in the report, was intended to have upon the finding and orders of the probate judge, made upon the hearing of the petition and the report of the viewers, both of which precede the impaneling of the jury, and neither of which is predicated upon any other ground that the necessity of such structure *102 for the protection of the lands of the citizens named in the petition from overflow, or for the welfare of such citizens, or any of them.
Another question quite as important in its bearing upon the constitutionality of the act as that first considered, is: Whether the body of twelve men provided for, and called a jury in the act, is a jury within the meaning of the constitution ?
The word “jury ” in the section cited, as well as in the other places in which it occurs in the constitution, has uniformly been construed to mean a tribunal of twelve men, presided over by a court, and under its direction hearing' the allegations, evidence, and arguments of the parties, and declaring' the truth upon the evidence submitted, and the law given them by the court.
The jury provided for in this act are not authorized to hear the testimony, nor the arguments or allegations of the parties, do not sit in a court, and are not subject to judicial direction either in the hearing of the case, or in the making up of their finding or report, and hence have none of the attributes of the jury, provided by the constitution, to assess compensation in money for private property taken for the use of the public.
We are therefore of opinion that the act in these respects is unconstitutional and void.
The judgments of the Common Pleas and District Courts are affirmed.
Day, C. J., and McIlvaine and White, JJ., concurred.
Welch, J., not sitting.